SALVATORE GRILLO ET AL., RESPONDENTS, v. THOMAS
A. EDISON ET AL., APPELLANTS.

Submitted March 26, 1917—Decided June 18, 1917.

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"This case, which was tried before the District Court with-
out a jury, resulted in a judgment against the defendant
Thomas A. Edison, Inc. The trial court found from the
proofs that substance flowing from this defendant's plant
through its artificially constructed channel into the stream
created a condition that was injurious to health and property.
Touching this finding the appellant says: 'The learned
judge's finding of fact is correct, but his conclusion of law is
erroneous.' The legal ruling of the trial court that is com-
plained of is the denial of the appellants' motion to direct a
verdict in its favor. This motion does not stir the question of
the measure of damages, and, its denial presenting only the
question of the liability of the defendant, the motion was
properly denied.

"The substances put into the stream by the defendant were
the proximate and efficient cause of the injury to the plaintiff.
The circumstance that the sulphuric acid already in the stream
contributed to this result does not absolve the defendant;
and this is equally true whether the acid was a natural ingre-
dient of the stream or was artificially introduced by strangers
to this suit.

"*Weidmen Silk Dyeing Co.* v. *East Jersey Water Co.,* 91
*Atl. Rep.* 338, was an action for the unlawful abstraction of
water from a stream. The contention there, as here, was that
the injury was created in part by the acts of others than the
defendant, in that they polluted the water. In that case, in
declining to give the desired force to this argument, we said:
'The abstraction was a direct and proximate cause of the in-
jury, though alone it would not have caused it,' citing *New-*

*man* v. *Fowler,* 37 *N. J. L.* 89; *Matthews* v. *Delaware, Lackawanna and Western Railroad Co.,* 56 *Id.* 34, and referring to 38 *Cyc.* 488.

"The subsequent reversal of the judgment (88 *N. J. L.* 400) was upon a totally different ground, and in the case upon which such reversal rested, viz., *Augur & Simon, &c.,* v. *East Jersey Water Co., Id.* 273, it was said, by Mr. Justice Bergen, speaking for the Court of Errors and Appeals: 'It is no answer to an action for a nuisance to show that a great many others are committing the same species of nuisance upon the stream, for if the defendant's acts appreciably add to the pollution they create a nuisance.' The difference between a nuisance created by the concurrence of pollution of the stream and the abstraction of its waters does not differ in principle from a nuisance created by a chemical reaction between a substance already in the stream and one placed therein by the act of the defendant. Upon the question, therefore, of liability, which is all that was presented by the motion to direct a verdict, the trial court committed no error in the denial of such motion.

"The question of the measure of damages is not before us upon an appeal from this ruling. The judgment of the District Court is affirmed, with costs."

For the appellants, *McCarter & English.*

For the respondents, *John Larkin Hughes.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For reversal*—None.